FILED - 1/7/2021 11:09 AM
2021-DCL-00067 / 49483103
LAURA PEREZ-REYES
Cameron County District Clerk
By Susana Anzaldua Deputy Clerk

NO. 2021-DCL-00067

| | | |
|---|---|---|
| OSCAR GARCIA, III<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | Cameron County - 357th District Court<br>_____ JUDICIAL DISTRICT |
| RS TRANSFER SA DE CV<br>and RS LOGISTICS, L.L.C.<br>Defendants. | §<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, WRITTEN DISCOVERY, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff, Oscar Garcia, III, complaining of Defendants RS Transfer SA DE CV and RS Logistics, L.L.C., hereinafter referred to as "Defendants", and for cause of action show unto the Court the following:

### I.
### CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN

Plaintiff seeks damages including punitive damages over $1,000,000.00, pursuant to Tex. R. Civ. P. 47 (c)(5).   Plaintiffs intend that discovery be conducted under Discovery Level 3.

### II.
### PARTIES AND SERVICE

Plaintiff, Oscar Garcia, III, is an individual whose address is 5485 Stage Coach, Brownsville, Texas 78526.

Defendant, RS Transfer SA DE CV, a limited liability company based out of Texas, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Rosendo Sergio Garcia, 255 W Ruben M. Torres

Boulevard, Brownsville, Texas 78520.   Service of said Defendant as described above can be affected by personally delivery.

Defendant, RS Logistics, L.L.C., a limited liability company based out of Texas, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Rosendo Sergio Garcia, 255 W Ruben M. Torres Boulevard, Brownsville, Texas 78520.   Service of said Defendant as described above can be affected by personally delivery.

## III.
## JURISDICTION AND VENUE

The subject matter in controversy exceeds the minimum jurisdictional limits of this Court.

This Court has jurisdiction over the parties because the incident in question occurred in Texas.

Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

This lawsuit arises from an incident that occurred on or about July 15, 2019, in Brownsville, Texas.

Prior to the collision in question, Plaintiff Oscar Garcia was operating a motor vehicle and headed northbound near the 3000 block of the South Expressway Frontage Road in Brownsville, Texas.  As Plaintiff Oscar Garcia waited for a green traffic signal,  suddenly and without warning, his vehicle was violently struck from behind by a tractor-trailer operated by Francisco Miguel Vasquez Ruiz.

Upon information and belief, Francisco Miguel Vasquez Ruiz failed to control the speed of his tractor, failed to keep a proper lookout, failed to maintain a proper following distance, and failed to pay due attention.

At the time of the collision, upon information belief, Francisco Miguel Vasquez Ruiz was operating the tractor-trailer within the course and scope of his employment with Defendants RS Transfer SA DE CV and RS Logistics, L.L.C. Thereby, Defendants RS Transfer SA DE CV and RS Logistics, L.L.C. are liable for the negligent acts and omissions of Francisco Miguel Vasquez Ruiz, its agents, servants, and/or employees under the doctrine of respondeat superior.

## V.
## CAUSES OF ACTION – NEGLIGENCE AGAINST
## DEFENDANTS RS TRANSFER SA DE CV AND RS LOGISTICS, L.L.C.

On or about July 15, 2019, and at all times mentioned herein, Plaintiff Oscar Garcia alleges that Defendants RS Transfer SA DE CV and RS Logistics, L.L.C., acting through its employee, Francisco Miguel Vasquez Ruiz, who was at all times acting within the course and scope of his employment. Francisco Miguel Vasquez Ruiz was engaged in furtherance of Defendants RS Transfer SA DE CV and RS Logistics, L.L.C.'s business. Because Francisco Miguel Vasquez Ruiz was engaged in accomplishing a task for which he was employed and acting within the course and scope of his employment with Defendants RS Transfer SA DE CV and RS Logistics, L.L.C., when the crash occurred, Defendants RS Transfer SA DE CV and RS Logistics, L.L.C., are liable to Plaintiff under the doctrine of *respondeat superior*.

Upon information and belief, Defendants RS Transfer SA DE CV and RS Logistics, L.L.C., were negligent in training Francisco Miguel Vasquez Ruiz; in failing to supervise Francisco Miguel Vasquez Ruiz; and retaining Francisco Miguel Vasquez Ruiz.  Plaintiff alleges that had Defendants' agents properly trained Francisco Miguel Vasquez Ruiz this incident could have been avoided.

At all times pertinent, Defendants RS Transfer SA DE CV and RS Logistics, L.L.C., and any of its agents, who were acting with their scope of employment were guilty of negligent conduct towards Plaintiff by:

a.   Failing to train its employees proper driving procedures;

b.   Failing to train its employees to conduct proper pre-trip inspections;

c.   Failing to train its employees regarding the importance of controlling the speed of any vehicles used in furtherance of its business;

d.   Failing to establish and enforce reasonable and adequate policies and/or procedures regarding the driving of vehicles while in the course and scope of employment;

e.   Failing to establish and enforce reasonable and adequate policies and/or procedures regarding the transportation of cargo, equipment and/or machinery;

f.   Failing to supervise its agents, servants and/or employees to ensure the safety of other motorists while on public roadways;

g.   Failing to reduce or eliminate the likelihood of harm which Defendants knew or should have known could occur.

These conditions and activities existed even though Defendants RS Transfer SA DE CV and RS Logistics, L.L.C.'s agents knew or through the exercise of due diligence should have known of the existence of the aforementioned and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff would show the Court that had Defendants' agents exercised ordinary care in the maintenance and/or supervision of such activity, it would have been noticed and corrected by such persons.

Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of Defendants constituted negligence which was and is a direct and proximate result of Plaintiff's serious bodily injuries.

At all times material hereto, all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendants are further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior*.

## VII.
## DAMAGES FOR PLAINTIFF OSCAR GARCIA

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Oscar Garcia was caused to suffer bodily injury, and to incur the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas.

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g.      Loss of earnings in the past;

h.      Loss of earning capacity which will, in all probability, be incurred in the future;

i.      Disfigurement in the future;

j.      Mental anguish in the past;

k.      Mental anguish in the future; and

l.      Cost of medical monitoring and prevention in the future.

## VIII.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANTS IN RESPONSE TO PLAINTIFFS' WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by the Defendants in response to written discovery propounded to Defendants.  As such, the produced documents are self-authenticating pursuant to TRCP, Rule 193.7.

## IX.
## PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby serves notice to the Defendants, pursuant to TRCE, Rule 609(f), that Plaintiff demands timely written notice by Defendants if Defendants seek the admission of criminal convictions, as defined in TRCE, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## X.
## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANTS

Defendants are requested to disclose, within 50 days of service of this request, the

information or material described in Rule 194.2(a)-(1) of the Texas Rules of Civil Procedure.

## XI.
## PLAINTIFF'S INTERROGATORIES TO DEFENDANT RS TRANSFER SA DE CV

Pursuant to Texas Rule of Civil Procedure 197, Plaintiff propounds the following

*Interrogatories* to Defendant RS Transfer SA DE CV. Defendant's **individual responses** are due

fully, in writing and under oath within fifty (50) days from the date of service thereof. Plaintiff

also requests that Defendants continue to supplement its responses to these *Interrogatories* as

provided for by the Rules.

1.  For the individual answering these interrogatories on behalf of Defendant, please state:
    a.   Your name, address and date of birth;
    b.   Your job title, and description.

2.  State the name, address and telephone number of the owner of the commercial motor vehicle that was being driven by Francisco Miguel Vasquez Ruiz at the time of the collision.

3.  Identify all of Francisco Miguel Vasquez Ruiz's immediate supervisors, and their supervisors, managers or other individuals who have or had supervisory or managerial authority over him, and please state what such individual's title was and when that individual had supervisory or managerial authority over Francisco Miguel Vasquez Ruiz .

4.  State the nature of the trip being made by Francisco Miguel Vasquez Ruiz including the location from which the driver left and the intended destination, including the reason for the trip.

5.  If your company provided a cellular telephone for the use of Francisco Miguel Vasquez Ruiz on the day of collision in question, please provide:

    (a)   The name of the company providing the service to any such cellular telephone;
    (b)   The telephone number assigned to any such cellular telephone; and
    (c)   The carrier for the cell phone, e.g. AT&T

6.     State what type of driver training program or driver monitoring was provided by your company to Francisco Miguel Vasquez Ruiz.

7.     If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

8.     Do you contend that the Plaintiff's damages were caused in whole or in part by the negligence of a person, persons, or entities who are not a party to this suit?  If so, please state:

      (a)     the identity or the person, persons, or entities;
      (b)     all facts which would establish that such person, persons or entities caused plaintiff's injuries in whole or in part; and
      (c)     the exact manner in which plaintiff's injuries were caused in whole or in part by such person, persons or entities.

9.     State each and every individual act or omission on the part of the Plaintiff you now contend or will contend at trial caused or contributed to the occurrence that is the basis of Plaintiff's cause of action against Defendants.

10.    State each and every factor other than the alleged negligence of the Plaintiff which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party defendants; sudden emergency; unavoidable accident; mechanical defect; or act of God.

11.    State each and every factor you now contend or will contend at trial caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiff.

12.    Please state if Francisco Miguel Vasquez Ruiz was required to comply, as of July 15, 2019, with the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation.  If your answer is in the negative, please explain why not.

13.    Was the motor vehicle that was being driven by Francisco Miguel Vasquez Ruiz on the date of the collision equipped with a tachograph or other on-board recording device or a satellite location device like QualComm, Fleetmatics, Geoforce, or any other kind of GPS and speed tracking software that would record his vehicle's movements and/or speed?  If so, please state: (a) the name, address, telephone number, and title of the person or entity presently in possession of such device and the records generated by such device; (b) manufacturer, make, model, and type (e.g., disc, etc.) of the device.

14.    Explain in detail the methods, procedures and systems used by your company to track individual employee progress, workload, and jobs completed.

15.   Please state as of the date of the collision in question, whether Francisco Miguel Vasquez Ruiz was an owner operator, independent contractor, or employee driver and then completely describe any contractual terms and provisions between you and Francisco Miguel Vasquez Ruiz related to his status as a driver or that otherwise relate to the legal or business relationship between you and Francisco Miguel Vasquez Ruiz .

16.   Prior to the day of the subject collision, was your company ever audited by the U.S. Department of Transportation?  If so, please state: (a) the date of each audit; (b) the number and type of each violation of which Defendant was notified; and (c) any recommendations included in the audit results.

17.   Did your company have a Safety Director (or other person in charge of driver safety no matter what the title) as of July 15, 2019?  If so, please state: (a) name and last known address, with their inclusive dates of employment; (b) the name of the present Safety Director: (c) the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years previous to July 15, 2019.

18.   On July 15, 2019, did your company use or have an accident review committee, a safety committee, or a driver review committee, or any other similar body that reviewed driver accidents for purposes of discipline or safety compliance, and if so, please state the name, address and title of each member of such committee, their position with the corporate Defendant and their inclusive dates of employment; (b) Did such body or committee review the accident of July 15, 2019, and if so, please state its finding and conclusions and deliberations.

19.   Did you maintain a driver personnel file and/or owner/operator file separate and apart from the qualifications file required to be kept by law of Francisco Miguel Vasquez Ruiz during the time he was a driver for Defendant?

20.   What discipline or adverse consequences (including warnings, reprimands, interviews, probation, suspension, points, etc.) were suffered by or administered to Francisco Miguel Vasquez Ruiz as a result of the accident on July 15, 2019?

21.   Was Francisco Miguel Vasquez Ruiz tested for drugs and alcohol following the accident of July 15, 2019?  If so, please state the results of such testing, the time and location testing, and the entity that performed the test.

22.   Did your company make a preventability determination regarding the subject collision? If so, specifically, what was that determination, who made the determination, and when was the determination made?

23.   Did Defendant have an incentive pay program, or other similar programs basing rate of pay to driver performance, in effect on July 15, 2019?  If so, please describe the program(s) in detail, or provide a complete copy of each and every program.

# XII.
## PLAINTIFF'S REQUESTS FOR PRODUCTION TO
## DEFENDANT RS TRANSFER SA DE CV

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that, within the time prescribed by law, Defendant RS Transfer SA DE CV (hereinafter referred to as "Defendant") each produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys as instructed below. Plaintiff requests that Defendant produce the documents at the office of Begum Law Group, 2401 Wildflower, Suite B, Brownsville, Texas 78520.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

1.   A copy of each and every primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident in question, including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage and under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered into in this action, or to indemnify or reimburse for payments made to satisfy the judgment, including all layers of excess coverage or umbrella policies. PLEASE NOTE THIS IS A REQUEST FOR THE ENTIRE POLICY, NOT JUST THE DEC SHEET.

2.   The entire personnel file of Francisco Miguel Vasquez Ruiz, which will include, but is not limited to, his application for employment, any contracts for services, his payroll history, his training records, any certificates, copies of checks, and wage history.

3.   Any and all documents evidencing who Francisco Miguel Vasquez Ruiz's employer was at the time of the subject incident.

4.  Any and all documents evidencing the name of all entities and/or distributors that were working with you regarding the job and/or assignment that Francisco Miguel Vasquez Ruiz was engaged in on the day of the subject incident.

5.  Complete and legible photocopies of witness statements relating to the subject incident that occurred on the day of the subject collision.

6.  All photographs, films, videotapes, and audiotapes depicting the subject incident, the location of the subject incident, and/or the individuals or transportation vehicle associated with the subject incident.

7.  All plats, surveys, diagrams, sketches, maps, and photographs of the scene of the incident.

8.  The work order associated with the job and/or assignment that Francisco Miguel Vasquez Ruiz was engaged in on the day of the subject incident.

9.  Documents received from or generated by governmental or quasi-governmental agencies that relate to the subject incident, including, but not limited to, USDOT, TXDOT, TNRCC, EPA any other federal agency, the police department, the sheriff's office reports, and any other state agency.

10. All documents regarding any regulatory agency, including USDOT, TXDOT, and TNRCC, inspections, investigations, citations, warnings or other reports regarding your facilities or vehicles from January 2012 through the present.

11. All internal incident, accident, or investigation reports related to the subject incident.

12. Documents evidencing or relating to Francisco Miguel Vasquez Ruiz's employment at the time of the subject incident.

13. Documents and tangible things made, written, prepared or authored by you regarding the subject incident.

14. Any and all affidavits, recorded statements, and/or employee memorandums prepared by any of your employees related to the incident made the basis of this lawsuit.

15. Documents and tangible things made, written, prepared, or authored by any other entity or company that you worked with, including, but not limited to, its distributors or suppliers, that is in your possession.

16. Any and all warnings and discipline memorandums in any written or digital form generated as a result of the subject incident.

17. Any contracts, lease or rental agreements, involving the subject commercial motor vehicle in effect on the date of the accident.

18.     Your company's driver's manual in effect at the time of the subject collision.

19.     Your company's safety manual in effect at the time of the subject collision.

20.     Your company's employee handbook and/or manual in effect at the time of the subject collision.

21.     Any and all non-privileged documents evidencing your company's preventability determination regarding this collision.

22.     Any and all non-privileged documents evidencing your company's at-fault determination regarding this collision.

23.     All maintenance documents, records, notations, memoranda, and invoices concerning the commercial motor vehicle involved in the subject incident for 1 year preceding the day of the subject incident.

24.     All safety checklists and/or inspection checklists concerning the commercial motor vehicle involved in the subject incident for 1 year preceding the day of the subject incident.

25.     Any and all internal documents, correspondence, emails, and/or recordings showing communications between you and your personnel/employees regarding the incident made the basis of this lawsuit.

26.     Any and all documents, correspondence, emails, and/or recordings showing communications between you and any other entity or company that you do business with regarding the incident made the basis of this lawsuit.

27.     Any and all documents evidencing the existence of all tools, machinery, and/or equipment, other than the subject commercial motor vehicle, that may have been used or utilized in any way by Francisco Miguel Vasquez Ruiz during the job and/or assignment he was engaged in on the day of the subject incident.

28.     A complete copy of any and all equipment safety manuals or protocols for the tools, machinery, and/or equipment utilized during the subject incident.

29.     Any and all internal documents, emails, communications showing any safety concerns, safety issues, problems, corrective action items, or criticisms made by you to your own personnel/employees regarding employee driving.

30.     A complete list by name, title and contact information of all your employees and management personnel that were assigned to work on the job and/or assignment that Francisco Miguel Vasquez Ruiz was engaged in on the day of the subject incident.

31. Any document evidencing all of your employees and management personnel that were assigned to work on the job and/or assignment that Francisco Miguel Vasquez Ruiz was engaged in on the day of the subject incident.

32. Please produce a complete list of any and all other lawsuits filed against you for the ten (10) years prior to the subject incident.

33. Please produce a complete list of any and all other lawsuits or claims personal injuries filed against you for the ten (10) years prior to the subject incident.

34. Please produce all communications between you and your expert or between your attorney and your experts.

35. Please produce all raw data and/or reports produced or generated by any expert in this case.

36. Please produce the CV, expert report, and expert file for each expert used for consultation and who is not expected to be called as a witness at trial, but whose work product forms a basis, either in whole or in part, of the opinions of a testifying expert witness.

37. Please produce the CV, report, and all data and documents relied on and file for each expert who is expected to be called as a witness at trial.

38. All documents and records relating to the damage and/or repair to your subject commercial motor vehicle, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

39. All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims as a result of the subject incident.

40. All newspaper articles that pertain to or reference the subject incident.

41. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards which you contend or will contend at trial were violated by Plaintiff.

42. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

43. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

44.  Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

45.  A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about Francisco Miguel Vasquez Ruiz and/or concerning the medical or physical condition of Francisco Miguel Vasquez Ruiz on the day of the incident which are in the possession or constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

46.  A copy of all documents relating to any criminal records pertaining to Plaintiff or Francisco Miguel Vasquez Ruiz, or any witnesses.

47.  A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about Francisco Miguel Vasquez Ruiz arising from this accident.

48.  All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

49.  The complete "driver qualification file" maintained for Francisco Miguel Vasquez Ruiz along with any other documents contained herein, in its precise state of existence on the day of the subject collision. This should include, but not limited to, the following:

(a)  check sheet for driver's forms;
(b)  application for employment;
(c)  employment eligibility verification;
(d)  certificate of compliance;
(e)  request for check of driving record;
(f)  request for information from previous employer;
(g)  record and certificate of road test;
(h)  written examination and certificate;
(i)  answers to written examination;
(j)  driver's physical examination certificate with the expiration date;
(k)  controlled substance test results;
(l)  driver's data sheet;
(m)  record of violations;
(n)  annual review of driving record;
(o)  notice of disqualification;
(p)  pocket cards.
(q)  Pre-employment Questionnaire.
(r)  Application for Employment.
(s)  All medical examinations and certification of medical examination cards
(t)  Driver's violation statements for each twelve (12) months of employment or while under contract with truckers.

(u)     Driver's Road Test.
(v)     Driver's Written Test (if, utilized).
(w)     All certifications issued by you or other organizations.
(x)     All past employment inquiries sent to former employers and their responses.
(y)     Inquiries and answers on driver's license records of violations and accidents directed to and received from any state agencies for each year of Francisco Miguel Vasquez Ruiz' employment.
(z)     Copies of all road and written test cards, medical cards, motor carrier certification of driver qualification and any other cards given to Francisco Miguel Vasquez Ruiz by you or any other motor carrier.
(aa)    Any and all other contents of the file, regardless of form or purpose.

50.   A copy of Francisco Miguel Vasquez Ruiz' driver's license (color copy).

51.   Logs for hours of service for Francisco Miguel Vasquez Ruiz for the 6 months preceding the subject incident that occurred on the day of the subject collision.

52.   Any contracts, lease or rental agreements, involving the subject commercial motor vehicle in effect on the date of the accident.

53.   A copy of the title(s) or other document/certificate of ownership, verifying the legal owner of the subject commercial motor vehicle(s), (including trailer) involved in the collision made the basis of this claim on the day of the subject collision.

54.   All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by Francisco Miguel Vasquez Ruiz from or by any source including, but not limited to, any trucking schools.

55.   Any company manuals, driver's manuals, company issued rules and regulations, directives or notices in effect at the time the accident occurred utilized by you regarding their drivers' work, driving activities, job performance, discipline, pickup and delivery of cargo.

56.   Your company's safety program and driver attendance records pertaining to Francisco Miguel Vasquez Ruiz in the two years leading up to the day of the collision made the basis of this suit.

57.   Any and all worker's compensation records pertaining to Francisco Miguel Vasquez Ruiz.

58.   Any and all results from urine samples pertaining to Francisco Miguel Vasquez Ruiz.

59.   Any and all results from blood samples pertaining to Francisco Miguel Vasquez Ruiz.

60.    The results of any testing done on Francisco Miguel Vasquez Ruiz after the subject incident to determine if drugs and/or alcohol had been consumed by him.

61.    Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by Francisco Miguel Vasquez Ruiz.

62.    Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

63.    All trip and/or operational documents pertaining to the movement of cargo by Francisco Miguel Vasquez Ruiz for the subject commercial motor vehicle, in existence but at least for the six (6) month period prior to and including the date of the accident (the day of the subject collision). The term "trip" as used herein, is defined as the transportation of one load of cargo (regardless of size and type) from origin(s) to final destination(s):

    (a)    Drivers trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to the Defendants inclusive of daily, weekly or monthly cargo transported, time or distance work records.

    (b)    Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts.

    (c)    Cargo pickup or delivery orders prepared by any and all of the Defendants, brokers, involved shippers or receivers, motor carriers, drivers, or other persons or organizations.

    (d)    All bills of lading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo or Defendants. This also includes copies of bills of lading and manifest that show signed receipts for cargo along with dates and times of cargo pickup and delivery.

    (e)    All equipment or cargo loading, unloading or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo.

    (f)    All freight bill, inclusive of cargo pickup and delivery copies.

    (g)    All written instructions, orders, or advice given to drivers in reference to cargo transported, routes to travel, pickup or delivery times by Defendants shippers, receivers, or other persons or organizations.

    (h)    Dispatch records indicating assignment of equipment and drivers to cargo pickup and delivery, dates and times of pickup and delivery and any other related factors.

    (i)    Any driver call-in records or other written records indicating communications between company and driver in reference to the movement of cargo, or the day to day operations of the equipment and/or driver.

    (j)    All accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or

subsequent payment for the transportation of cargo. Copies of both the front and back of canceled checks are requested.

(k)   All initial or rough driver's trip check in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to a driver in reference to a trip or trips.

(l)   Any and all motor carrier or driver created fuel, mileage and purchase reports or records.

(m)   Copies of original Com Check, Cash Control or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers.

(n)   Any and all computer downloads and/or printouts provided to the Defendants by others, including but not limited to Com Check or Cash Control Corp., Trendar or QualComm, listed by Francisco Miguel Vasquez Ruiz  or number or truck number, showing the driver and subject commercial motor vehicle's location, time, date and mileage for stops, movements or purchases.

(o)   Any and all special or oversize permits and related documents/requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit.

(p)   Any and all records generated by a device on board the driver's vehicle such as a tachograph, electronic control module (ECM) or other device that records the vehicle speed, distance or movements.

(q)   Any and all other "trip related documents' created by the Defendants or any other persons or organizations but not defined herein in the possession of any of the Defendants.

(r)   Clearly readable copies of all daily (or other periodic) fuel invoices from such companies as Com Data, Com Check, FCIS, or CCIS.

(s)   Clearly readable copies of any and all other computer generated or down loaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q'Trac's, depicting the location of the subject commercial motor vehicle operated by Driver and all satellite communication between driver and Defendants.

(t)   Any and all other "supporting documents" as that term is used in the FMCSR, 49 CFR 395.8(K)(1) and defined in Part 395.8 of the U.S. DOT Interpretations.

64.   Any and all operational receipts submitted by Francisco Miguel Vasquez Ruiz for motor carrier operations in existence for the three (3) years prior to the day of the subject collision.

65.   Any and all agreements, contracts or written arrangements in effect on the date of the incident with Francisco Miguel Vasquez Ruiz  or his employer including but not limited to, any contracts to perform transportation services.

66.     All computer run dispatch or operational daily summary data, including all computer run information, related to Francisco Miguel Vasquez Ruiz for the three (3) years prior to the day of the subject collision.

67.     Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to Francisco Miguel Vasquez Ruiz by any law enforcement official or agency.

68.     All accident files and records of that you maintained in accordance with FMCSR Part 390.15. This includes, but is not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by Francisco Miguel Vasquez Ruiz and/or your company in reference to the subject incident.

69.     Any and all other files and records maintained by you in reference to any vehicular accident prior to the incident in question where Francisco Miguel Vasquez Ruiz was the driver of a vehicle involved in the prior accidents.

70.     All documents, letters to and from, terminal inspections, (compliance reviews) civil forfeiture or federal court action documents in reference to violations of the FMCSR or any State Motor Carrier Safety Regulations, and specifically, any documents in reference to violations of the FMCSR committed by your company and/or Francisco Miguel Vasquez Ruiz, JR. on or before the day of the subject collision.

71.     The minutes of and records from any Safety Committee meeting for the 1 year prior to the day of the subject collision, and for the accident which is the subject of this litigation.

72.     The minutes of and records from any Accident Review Committee meeting for the three (3) years prior to the day of the subject collision and for the accident which is the subject of this litigation.

73.     Any and all reports of safety audits (compliance reviews) of your company by the Department of Transportation or its agents for the three (3) years prior to the day of the subject collision, together with all correspondence related thereto and the recommendations by the U.S. DOT for corrections.

74.     A copy of the organizational chart for your company that shows the titles and reporting pathways of corporate management and support personnel.

75.     Please produce all documents related to any investigation performed by Your Company of the incident on the day of the subject collision, involving Francisco Miguel Vasquez Ruiz, as well as any disciplinary action taken as a result of such investigation.

76.     Produce any and all records from the tachograph or other on-board recording device or a satellite location device like QualComm or GPS for 6 months prior to the collision on the vehicle driven by Francisco Miguel Vasquez Ruiz on the day of the subject collision.

77. Payroll receipts, check stubs and/or payroll and disbursement information furnished to Francisco Miguel Vasquez Ruiz by your company for the 3 months prior to the collision.

78. The complete maintenance files maintained by your company in accordance with FMCSR Part 396 on the subject commercial motor vehicle involved in the accident inclusive of any inspections, repairs or maintenance done to the vehicle and daily condition reports submitted by Francisco Miguel Vasquez Ruiz, in existence.

79. A copy of your company's "Systematic Equipment's Maintenance Program" as required by FMCSR Part 396 inclusive of copies of all forms utilized in accomplishing compliance with that part of the regulations as defined herein.

80. Any and all written instructions or examples to drivers in reference to completion of trip reports, driver's daily logs or time records, or other documents relating to a trip made or load transported by a driver in effect at the time of the accident utilized by your company.

81. Any and all written documents, letters, directives, memorandums, or notes, notices from you to Francisco Miguel Vasquez Ruiz from his date of hire to the present.

82. Any and all of your company's officers, executives or administrator's policy/procedural manuals, directives, bulletins or written instruments in reference to the day to day operating and safety procedures to be followed by your company's owner-operators, drivers, or administrators regarding driving activities, pickup and delivery of cargo..

83. Any/all documents from any insurer denying coverage or reserving rights to coverage.

84. Please provide clearly readable copies of all curriculum, outlines, handouts, books, pamphlets, tests, test results, evaluations, memos, video tapes, and computer presentation utilized by any truck school attended by Francisco Miguel Vasquez Ruiz.

85. Please provide copies of all documents and training material related to each course, class or training provided to Francisco Miguel Vasquez Ruiz by you related to hazard recognition, accident avoidance, defensive driving, FMCSR Hours of Service Regulations and the proper way to fill out driver records of duty status. from the time he became a driver for your company through the day of the subject collision.

86. Francisco Miguel Vasquez Ruiz's driving record.

87. A copy of the organizational chart for your company that shows the titles and reporting pathways of corporate management and support personnel.

88. All billings, receipts, invoices and monthly statements for any credit cards used by Francisco Miguel Vasquez Ruiz for the month of the incident made the basis of this suit.

89. A copy of any Incentive Pay Program in effect on the day of the collision made the basis of this lawsuit.

90.   Any and all documents, statements and/or communications Defendant has had with an insurance company or any of its agents since the collision.

91.   If you have withheld any documents in responding to this set of Requests for Production, based on the assertion of a privilege, then please produce a privilege log.

92.   Any and all documents on which you intend to rely to support the date you assert you "anticipated litigation.

### XIII.
### PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT RS TRANSFER SA DE CV

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, Plaintiff propounds the following *Requests for Admissions* to Defendant RS Transfer SA DE CV (hereinafter referred to as "Defendant"). Defendant's **individual responses** are due within fifty (50) days from the date of service thereof.

1.   At all times on the date in question, an employee of your company was operating a commercial tractor-trailer with license plate 029C826 (hereinafter referred to as "subject commercial motor vehicle"), which was involved in this incident.

2.   Admit that Francisco Miguel Vasquez Ruiz was an employee of your company at the time of the incident made the basis of this suit.

3.   Admit that the vehicle driven by Francisco Miguel Vasquez Ruiz was under the operation and control of your company at the time of the incident made the basis of this suit.

4.   Admit that your company entrusted the vehicle driven by Francisco Miguel Vasquez Ruiz for the benefit of your company at the time of the subject collision.

5.   Admit that the vehicle driven by Francisco Miguel Vasquez Ruiz was being operated for the purpose of his employment with your company at the time of the subject collision.

6.   Admit that Francisco Miguel Vasquez Ruiz was acting in the scope of his employment with your company at the time of the incident which forms the basis of this suit.

7.   Defendant admits liability for this incident, which is the basis of this lawsuit.

8.   Defendant admits that it has no knowledge of any individuals with knowledge of facts relevant to the Plaintiff's claim that Plaintiff has sustained mental anguish as a direct and foreseeable result of the occurrence in question.

9.   Defendant admits that it denies the Plaintiff's allegations that Defendants' negligence was the proximate cause of the occurrence in question.

10.  Defendant admits it is unaware of any facts controverting the Plaintiff's allegation that Plaintiff has incurred reasonable medical expenses for medical services that were necessarily provided to the Plaintiff for the injuries Plaintiff sustained as a result of the occurrence in question.

11.  Defendant admits that it is unaware of any individual with knowledge or facts relevant to the Plaintiff's allegation Plaintiff has incurred reasonable medical bills for medical services that were necessary to provide proper care to the Plaintiff for injuries Plaintiff sustained as a result of the occurrence in question.

12.  Defendant admits it is unaware of any documents relevant to or containing information relevant to the Plaintiff's allegation that Plaintiff has incurred reasonable medical bills that were necessary to provide proper care to the Plaintiff for the injuries that Plaintiff sustained as a result of the occurrence in question.

13.  At the time of the incident made the basis of this suit and immediately prior thereto, Francisco Miguel Vasquez Ruiz was engaged in the furtherance of your business.

14.  Admit that the occurrence made the basis of this suit was proximately caused by the negligence of Francisco Miguel Vasquez Ruiz.

15.  Admit or deny that your company is vicariously responsible for the conduct of Francisco Miguel Vasquez Ruiz at the time of the incident in question.

16.  Admit that the medical bills incurred by Plaintiff were necessary for the treatment of the injuries sustained by Plaintiff and that the charges for such services were reasonable.

17.  Admit that the injuries described in Plaintiff's medical records were proximately caused by the incident which forms the basis of this suit.

18.  Admit that Plaintiff suffered mental anguish as a proximate result of the occurrence in question.

19.  Admit that Plaintiff suffered physical pain as a proximate result of the occurrence in question.

20.  Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the occurrence made the basis of this action.

21.  Admit that the occurrence made the basis of this action was not an unavoidable accident.

22.    Admit that the occurrence made the basis of this action was not the result of a sudden and unexpected emergency.

23.    Admit that the Plaintiff did not commit any act or omissions which constituted negligence which proximately caused the incident which is the basis of this lawsuit.

24.    Admit that the subject commercial motor vehicle had an electronic control module at the time of the accident in question.

25.    Admit that data from the electronic control module on the subject commercial motor vehicle was downloaded after the accident in question.

26.    Admit that electronic control module data from the subject commercial motor vehicle is being maintained by your company or its agents.

27.    Admit that your company provided a cellular telephone for Francisco Miguel Vasquez Ruiz' use while he was an employee of your company.

28.    Admit that the vehicle operated by Francisco Miguel Vasquez Ruiz at the time of the collision is equipped with an On-Star Device.

29.    Admit that that the On-Star Device on the vehicle operated by Francisco Miguel Vasquez Ruiz at the time of the collision in question was active at the time of the collision.

30.    Admit or deny that your company had non-expired liability insurance coverage on the date of the collision in question.

31.    Admit or deny that your company had excess coverage or an umbrella policy on the date of the collision in question.

32.    Admit that your company fired Francisco Miguel Vasquez Ruiz after the subject collision.

33.    Admit that your company obtained a urine test/sample from Francisco Miguel Vasquez Ruiz as a result of the subject collision.

34.    Admit that your company obtained a drug test/sample from Francisco Miguel Vasquez Ruiz as a result of the subject collision.

35.    Admit that, prior to the subject collision, your company trained Francisco Miguel Vasquez Ruiz on how to drive the subject commercial motor vehicle involved in this lawsuit.

### XIV.
### JURY DEMAND

Plaintiff demands a trial by jury.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citations be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants for actual and punitive damages, together with prejudgment interest, post-judgment interest, court costs, temporary restraining order, temporary injunctions and such other relief, at law or in equity to which Plaintiff may be entitled.

Respectfully submitted,

**BEGUM LAW GROUP**

By: /s/ *Alexander M. Begum*
Alexander M. Begum
State Bar No.: 24031469
abegum@texaslegalgroup.com
Mario A. Cisneros
State Bar No.: 24065048
mcisneros@texaslegalgroup.com
2401 Wild Flower, Suite B
Brownsville, Texas 78526
Tel: (956) 982-1800
Fax: (956) 982-2602
**ATTORNEYS FOR PLAINTIFF**

For e-service purposes, send documents to BrownsvilleLegal@begumlawgroup.com.

## COURTESY NOTICE TO DEFENDANTS

**IF YOU HAD INSURANCE AT THE TIME OF THE COLLISION, PLEASE FORWARD A COPY OF THIS PETITION TO YOUR INSURANCE COMPANY AND REQUEST THAT THEY PROVIDE YOU WITH A DEFENSE.**